UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DONNA WARNER,

        Plaintiff,

v.

NANCY A. BERRYHILL, acting
Commissioner of the Social
Security Administration,

        Defendant.

DECISION & ORDER
17-CV-0837-JWF

## Preliminary Statement

Plaintiff Donna Warner ("plaintiff" or "Warner") brought this action pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3) seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying her application for disability insurance benefits ("DIB") and social security income ("SSI"). See Compl. (Docket # 1). Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). Docket ## 16, 19. For the reasons that follow, plaintiff's motion (Docket # 16) **is granted in part and denied in part** and the Commissioner's motion (Docket # 19) **is granted in part and denied in part**.

## Background and Procedural History

Plaintiff filed her applications for DIB and SSI on June 27, 2013, alleging disability beginning on January 6, 2010. Administrative Record ("AR") at 184-90. Plaintiff's applications

1

were denied on October 21, 2013, and plaintiff requested a hearing. AR at 88-104, 125-32. Plaintiff appeared at the hearing before Administrative Law Judge Robert T. Harvey ("the ALJ") with her attorney, Gerald Ruiz, Esq., on March 9, 2016. AR at 56-87. Plaintiff and a vocational expert testified at the hearing. Id.

The ALJ issued an unfavorable decision on April 5, 2016. AR at 32-44. At plaintiff's hearing and as accepted by the ALJ in his decision, plaintiff amended her alleged onset of disability date to June 8, 2010. AR at 32, 63. Plaintiff timely filed a request for review by the Appeals Council. See AR at 182-83. On July 30, 2017, the Appeals Council denied plaintiff's request for review. AR at 8-14. On September 20, 2017, the Appeals Council ("AC") set aside its earlier decision but ultimately determined again not to review, making the ALJ's decision the final decision of the Commissioner. AR at 1-7. Plaintiff then commenced this appeal.

## Discussion

Warner alleged disability for and testified to having the following medical impairments: asthma, stroke with left arm weakness, hypertension, neck pain, gastroesophageal reflux disease, mid and lower back pain, angioplasty with stent placement, arthritis in her hands and knees, osteoporosis, scoliosis with back spasms, and chronic obstructive pulmonary disease. AR at 65-67, 275-76. The ALJ found her stroke, hypertension, discogenic

2

cervical, discogenic thoracic and lumbar spine, status post angioplasty and stent of the left subclavian artery, and asthma to be severe. AR at 35. Plaintiff does not contest this assessment.

Disability Before Stroke: At plaintiff's hearing, and with the apparent encouragement of the ALJ, Warner amended her onset of disability date to June 8, 2010. Thus, the ALJ's decision was that Warner was not disabled as of June 8, 2010 through the date of decision. AR at 63. On this appeal, however, Warner "concedes that prior to her stroke on March 6, 2014, the ALJ's denial [of disability benefits] is supported by substantial evidence." Docket # 16-1, at 10. Based on my review of the record and in light of the plaintiff's concession, I agree that the record contains substantial evidence that the plaintiff was not disabled from competitive full-time employment prior to her stroke. Accordingly, that much of the ALJ's decision denying benefits is affirmed.

Disability After Stroke: The issue of whether plaintiff's stroke in March 2014, when considered in combination with plaintiff's other severe impairments, rendered plaintiff disabled is more difficult. As the Commissioner points out, the ALJ did in fact discuss and analyze the available medical evidence regarding plaintiff's stroke and post-stroke treatment in his decision. See AR 40-41. Plaintiff contends that although the ALJ considered the stroke evidence, in evaluating that evidence and formulating a

3

residual functional capacity ("RFC") assessment, the ALJ committed error by interpreting the significance of the medical evidence himself instead of obtaining further medical evaluations of plaintiff. While an ALJ is free to choose between properly submitted medical opinions, he may not substitute his own lay opinion for those of medical experts. Balsamo v. Chater, 142 F.3d 75, 81 (2d Cir. 1998).

I need not decide whether the ALJ engaged in an improper interpretation of medical evidence because here I find that remand is required based upon the failure of the AC to properly consider new and material evidence submitted after the ALJ's decision. "Pursuant to 20 C.F.R. § 416.1470(b), the Appeals Council must consider additional evidence that a claimant submits after the ALJ's decision if it is new, material, and relates to the period on or before the ALJ's decision." Hollinsworth v. Colvin, No. 15-CV-543-FPG, 2016 WL 5844298, at *3 (W.D.N.Y. Oct. 6, 2016). Where the additional evidence undermines the ALJ's decision, such that it is no longer supported by substantial evidence, then the case should be reversed and remanded. Webster v. Colvin, 215 F. Supp. 3d 237, 244 (W.D.N.Y. 2016).

Here, about a month after the ALJ's decision was issued, plaintiff was able to obtain and then submitted to the AC two medical opinions from her treating physician, Dr. Renata Anand. Dr. Anand submitted two separate evaluations of plaintiff. One

4

report evaluated plaintiff's "physical capacities" and the other was a medical source statement "concerning the nature and severity" of plaintiff's "physical impairments." AR at 15-21. If considered and credited by the Commissioner, it is safe to say that the RFC formulated by the ALJ would not have been supported by the treating physician's opinions. Dr. Anand found that plaintiff had "weakness of left upper extremity secondary to her stroke". Id. Dr. Anand also noted plaintiff's "difficulty picking stuff up", a weak radial pulse on her left side, and decreased blood pressure on her left side. Id. Dr. Anand opined that plaintiff could only stand and sit for 20 minutes at a time and walk for ten minutes at a time. AR at 17. Plaintiff could only occasionally lift less than five pounds and never stoop, kneel, crouch, crawl, reach overhead, or climb. Id. Dr. Anand also opined that plaintiff could only occasionally use her right hand but never her left hand for fine manipulation, pulling/pushing, power grip, medium dexterity, or forearm rotational movement. Id. The AC reviewed these reports and then simply informed plaintiff that the new evidence "does not show a reasonable probability that it would change the outcome of the [ALJ's] decision." AR at 2. No further explanation or assessment was offered beyond this obviously boilerplate sentence.

In seeking to support the decision of the AC, the Commissioner relies on the fact that Dr. Anand qualified her opinion as being limited because she started as plaintiff's treating doctor as of

5

May 9, 2016. According to the Commissioner, this qualification conclusively establishes that Dr. Anand's findings and opinions could not have related to the period on or before the date of the ALJ's decision. See Docket # 19 at 18. I disagree. "The Appeals Council must accept the evidence so long as it is new, material, and relates to the period on or before the date of the ALJ's decision." Hightower v. Colvin, No. 12-cv-6475T, 2013 WL 3784155, at *3 (W.D.N.Y. July 18, 2013). Based on a fair review of the record, there is little doubt that Dr. Anand's findings and opinions pertain to the same impairments and limitations the ALJ evaluated in his decision and were relevant to the time period at issue, despite the fact that they were dated a month after the ALJ's decision.

"It is well-established that 'medical evidence generated after an ALJ's decision cannot be deemed irrelevant solely because of timing.'" Siracuse v. Colvin, No. 14-CV-6681P, 2016 WL 1054758, at *7 (W.D.N.Y. Mar. 17, 2016) (quoting Newbury v. Astrue, 321 F. App'x 16, *2, n.2 (2d Cir. 2009)). "Additional evidence may relate to the relevant time period even if it concerns events after the ALJ's decision, provided the evidence pertains to the same condition previously complained of by the plaintiff." Hightower, 2013 WL 3784155, at *3. For example, in Webster v. Colvin, 215 F. Supp. 3d 237 (W.D.N.Y. 2016), Chief Judge Geraci examined whether the AC's "categorical refusal to consider new and material evidence

solely because it was created after the ALJ's decision" was reversible error. Id. at 242. In Webster, the court stated that the new evidence of plaintiff's back condition could demonstrate that the condition worsened, or it could clarify a pre-hearing disability and suggest that the condition during the relevant time period was worse than previously thought. Id. at 243. The court ultimately determined that it could not "assess whether the new evidence relate[d] to the period on or before the ALJ's decision," but that the AC's "cursory, formulaic rejection of the evidence simply because it was generated after the ALJ's decision, without any legal or factual reasoning, is insufficient." Id.

Similarly, although the AC did not provide any substantive analysis in explaining why it was rejecting Dr. Anand's findings and opinions, it clearly is plausible, if not likely, that her medical opinions were relevant to and provided clear support for plaintiff's claim of disability. Consider plaintiff's hearing testimony. At her hearing, plaintiff told the ALJ that she suffered the stroke in March 2014 and that her left arm was thereafter "always weak." AR at 68. Plaintiff stated that when she tries to use her left arm she "can't use it too much because it gets tired real fast and then it just drops." Id. Plaintiff testified that she could not reach up over head with her arms, hold her arms straight out in front of her, or push or pull without a problem. AR at 77. Even a cursory comparison of the opinions

7

of Dr. Anand and the record evidence before the ALJ (including plaintiff's testimony) support a finding that Dr. Anand's opinions were material to the relevant time period notwithstanding that they were written a few weeks after the ALJ's decision.

Moreover, this was not harmless error. Dr. Anand was plaintiff's treating doctor. The "treating physician rule", set forth in the Commissioner's own regulations, "mandates that the medical opinion of a claimant's treating physician is given controlling weight if it is well supported by medical findings and not inconsistent with other substantial record evidence." Shaw v. Chater, 221 F.3d 126, 134 (2d Cir. 2000); see 20 C.F.R. § 416.927(c)(2) ("Generally, we give more weight to medical opinions from your treating sources"). Indeed, had the AC accepted Dr. Anand's opinions, they would undermine the ALJ's decision because they stand in stark contrast to the RFC assigned by the ALJ. See Green-Younger v. Barnhart, 335 F.3d 99, 106 (2d Cir. 2003) ("The SSA recognizes a 'treating physician' rule of deference to the views of the physician who has engaged in the primary treatment of the claimant.").

For these reasons, this matter must be remanded to the Commissioner for appropriate consideration of Dr. Anand's findings and opinions.

## Conclusion

Based on the foregoing, this matter is remanded for further proceedings consistent with this opinion.

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated:  March 15, 2019
        Rochester, New York